# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | |
|---|---|
| CALVIN W. THACKER,<br>    Plaintiff<br>v.<br><br>NANCY A. BERRYHILL,[1]<br>**Acting Commissioner of**<br>**Social Security,**<br>    Defendant | Civil Action No. 2:16cv00003<br>**MEMORANDUM OPINION**<br><br><br>By:   PAMELA MEADE SARGENT<br>United States Magistrate Judge |

*I. Background and Standard of Review*

Plaintiff, Calvin W. Thacker, ("Thacker"), filed this action challenging the final decision of the Commissioner of Social Security, ("Commissioner"), denying his claims for disability insurance benefits, ("DIB"), and supplemental security income, ("SSI"), under the Social Security Act, as amended, ("Act"), 42 U.S.C.A. §§ 423 and 1381 *et seq.* (West 2011 & West 2012). Jurisdiction of this court is pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). This case is before the undersigned magistrate judge upon transfer by consent of the parties pursuant to 28 U.S.C. § 636(c)(1). Neither party has requested oral argument; therefore, this case is ripe for decision.

The court's review in this case is limited to determining if the factual findings of the Commissioner are supported by substantial evidence and were reached through application of the correct legal standards. *See Coffman v. Bowen*,

---

[1] Nancy A. Berryhill became the Acting Commissioner of Social Security on January 23, 2017. Berryhill is substituted for Carolyn W. Colvin, the previous Acting Commissioner of Social Security.

829 F.2d 514, 517 (4th Cir. 1987). Substantial evidence has been defined as "evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Laws v. Celebrezze,* 368 F.2d 640, 642 (4th Cir. 1966). "'If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is "substantial evidence."'" *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990) (quoting *Laws*, 368 F.2d at 642).

The record shows that Thacker protectively filed his applications for DIB and SSI on August 20, 2012, alleging disability as of May 2, 2012, due to left shoulder problems with his rotator cuff. (Record, ("R."), at 208-15, 216-17, 232, 236.) The claims were denied initially and upon reconsideration. (R. at 80-121, 122-23, 128-30, 134-36, 140-41, 142-44, 146-48.) Thacker then requested a hearing before an administrative law judge, ("ALJ"). (R. at 150-51.) The ALJ held a video hearing on August 28, 2014, at which Thacker was represented by counsel. (R. at 32-59.)

By decision dated October 16, 2014, the ALJ denied Thacker's claims. (R. at 17-26.) The ALJ found that Thacker met the nondisability insured status requirements of the Act for DIB purposes through December 31, 2018. (R. at 19.) The ALJ found that Thacker had not engaged in substantial gainful activity since May 2, 2012, the alleged onset date. (R. at 19.) The ALJ found that the medical evidence established that Thacker had severe impairments, namely degenerative joint disease and left shoulder rotator cuff tear status-post two surgeries, but she found that Thacker did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. at 19-20.) The ALJ found that Thacker had the residual

functional capacity to perform light work[2] that did not require crawling or climbing ladders, ropes or scaffolds or more than occasional reaching, pushing or pulling or any overhead reaching with his left upper extremity. (R. at 20-25.) The ALJ found that Thacker was unable to perform his past relevant work. (R. at 25.) Based on Thackers's age, education, work history and residual functional capacity and the testimony of a vocational expert, the ALJ found that a significant number of other jobs existed in the national economy that Thacker could perform, including jobs as a cashier, a sales attendant and a rental clerk. (R. at 25-26.) Thus, the ALJ concluded that Thacker was not under a disability as defined by the Act, and was not eligible for DIB or SSI benefits. (R. at 26.) *See* 20 C.F.R. §§ 404.1520(g) 416.920(g) (2016).

After the ALJ issued her decision, Thacker pursued his administrative appeals, (R. at 9-12), but the Appeals Council denied his request for review. (R. at 1-5.) Thacker then filed this action seeking review of the ALJ's unfavorable decision, which now stands as the Commissioner's final decision. *See* 20 C.F.R. §§ 404.981, 416.1481 (2016). This case is before this court on Thacker's motion for summary judgment filed July 29, 2016, and the Commissioner's motion for summary judgment filed August 31, 2016.

## II. Facts

Thacker was born in 1963, (R. at 25), which classified him as a "younger person" under 20 C.F.R. §§ 404.1563(c), 416.963(c) on his alleged onset date and

---

[2] Light work involves lifting items weighing up to 20 pounds at a time with frequent lifting or carrying of items weighing up to 10 pounds. If someone can perform light work, he also can perform sedentary work. *See* 20 C.F.R. §§ 404.1567(b), 416.967(b) (2016).

a "person closely approaching advanced age" under 20 C.F.R. §§ 404.1563(d), 416.963(d) prior to the ALJ's decision. Thacker graduated from high school and has past work experience as a maintenance pipefitter. (R. at 25, 237-38.) The record shows that Thacker suffered a work-related injury to his left shoulder in April 2011.

In rendering her decision, the ALJ reviewed records from Dr. Christopher M. Basham, M.D.; Dr. Danny A. Mullins, M.D.; Dr. Souhail Shamiyeh, M.D.; Dr. Joseph Duckwall, M.D., a state agency physician; Dr. Wyatt S. Beazley III, M.D., a state agency physician; and physical therapists, Dewey T. Peck and Charles Williams, Jr.

On June 22, 2011, Thacker saw Dr. Christopher M. Basham, M.D., for an injury to his left shoulder that he said he suffered at work changing out a water heater. (R. at 293.) Physical examination revealed left shoulder tenderness. (R. at 294.) Dr. Basham diagnosed left shoulder pain and biceps tendonitis with impingement syndrome. (R. at 294.) Thacker declined a referral for physical therapy, and Dr. Basham prescribed Naprosyn. (R. at 294.) A July 13, 2011, MRI of Thacker's left shoulder showed significant degenerative joint disease of the acromioclavicular joint and a full-thickness tear of the supraspinatus tendon. (R. at 301.)

Thacker saw Dr. Danny A. Mullins, M.D., an orthopedic surgeon, on May 3, 2012. (R. at 321-45.) Dr. Mullins diagnosed left shoulder rotator cuff tear with impingement and acromioclavicular osteoarthritis. (R. at 321.) Dr. Mullins performed diagnostic arthroscopy with arthroscopic rotator cuff repair, extensive debridement and arthroscopic acromioplasty and arthroscopic distal clavicle

excision. (R. at 321.) On June 13, 2012, Dr. Mullins released Thacker to return to light-duty work with no use of his left arm. (R. at 424.) He also prescribed physical therapy. (R. at 424.)

On July 25, 2012, Dr. Mullins provided Thacker with an injection of Lidocaine and Celestone into his left shoulder. (R. at 423.) On July 25, 2012, Thacker stated that the injection did not provide any relief. (R. at 423.) Dr. Mullins suggested a second surgery and an open revision acromioplasty. (R. at 423.) Dr. Mullins performed this surgery on November 6, 2012, (R. at 542-43.)

On December 31, 2012, Thacker complained of continued shoulder pain, decreased range of motion and a popping sensation. (R. at 556.) Dr. Mullins noted that Thacker was 10 weeks post surgery and should continue to improve. (R. at 556.) He stated that Thacker could perform light duty with no use of his left arm. (R. at 556.)

Thacker attended physical therapy from November 2012 to February 2013, making little progress toward his therapy goals. (R. at 635-95.) On February 8, 2013, Dewey T. Peck, physical therapist, stated that Thacker had a catching pain in his shoulder with movement, inability to tolerate aggressive stretching with shoulder freezing as a result and inability to perform his job activities as a heavy equipment operator. (R. at 694-95.) Peck stated that Thacker was unable to lift medium weight objects and had severe difficulty reaching overhead with his left upper extremity. (R. at 692-95.) Peck stated that Thacker was unable to tuck his shirt in with his left arm or use his left arm to perform self-care. (R. at 695.)

On February 11, 2013, Thacker returned to see Dr. Mullins continuing to complain of left shoulder pain, popping and a catching-type sensation. (R. at 554.) Dr. Mullins was not able to elicit any palpable or audible popping during his physical examination. (R. at 554.) Dr. Mullins's examination did reveal a decreased range of motion and well-healed wounds. (R. at 554.) Dr. Mullins advised that he did not have much to offer and recommended a functional capacity evaluation. (R. at 554.)

Thacker saw Dr. Souhail Shamiyeh, M.D., on February 18, 2013. (R. at 559-62.) Dr. Shamiyeh's examination revealed limited shoulder range of motion. (R. at 561.) On May 20, 2013, Dr. Shamiyeh wrote a letter stating that Thacker was totally and permanently disabled as a result of his left shoulder injury which had left him with an inability to use his left upper extremity in some circumstances. (R. at 579.)

On August 15, 2013, Thacker underwent a functional capacity evaluation by Charles Williams, Jr., physical therapist, on referral from Dr. Mullins. (R. at 696-721.) During testing, Thacker was capable of performing work requiring reaching, handling, fingering and feeling with his right upper extremity. (R. at 699.) Thacker had difficulty using his left upper extremity above shoulder level. (R. at 699.) He worked at a slower rate when using his left upper extremity and showed decreased tolerance to repetitive forward reaching with his left upper extremity. (R. at 699.) Thacker was able to use his left hand below chest level. (R. at 699.) Williams stated that Thacker demonstrated the ability to lift on an occasional basis, waist to shoulder, 20 pounds; floor to waist, 30 pounds; floor to shoulder, 20 pounds; and shoulder to overhead, 20 pounds, with the right upper extremity only. (R. at 700.)

Williams said that Thacker demonstrated the ability to lift on a frequent basis, waist to shoulder, 15 pounds and floor to waist, 20 pounds. (R. at 700.) He said that, with both arms, Thacker could carry a loaded box weighing 25 pounds for 50 feet. (R. at 700.) Williams found that Thacker could carry a loaded bucket weighing 10 pounds for 50 feet with his left arm. (R. at 700.) Williams stated that Thacker could perform sedentary,[3] light and some medium[4] work with lifting up to 30 pounds on an occasional basis. (R. at 698-99.)

On October 3, 2013, Dr. Mullins wrote a letter stating that Thacker was at maximum medical improvement and had the physical capacity to perform sedentary, light and some medium work on an occasional basis with significant limitations on the use of his left upper extremity with permanent restriction against using his left upper extremity above chest level or any repetitive use. (R. at 586.)

On November 8, 2012, Dr. Joseph Duckwall, M.D., a state agency physician, completed a residual functional capacity assessment stating that Thacker could perform light work with limited reaching and some postural limitations. (R. at 84-88, 93-95.) On August 5, 2013, Dr. Wyatt S. Beazley, III, a state agency physician, affirmed Dr. Duckwall's assessment. (R. at 106-08, 117-19.) Dr.

---

[3] Sedentary work involves lifting items weighing up to 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking or standing is often necessary in carrying out job duties. Jobs are sedentary if walking or standing are required occasionally and other sedentary criteria are met. *See* 20 C.F.R. §§ 404.1567(a), 416.967(a) (2016).

[4] Medium work involves lifting items weighing up to 50 pounds at a time with frequent lifting or carrying of items weighing up to 25 pounds. If an individual can do medium work, he also can do sedentary and light work. *See* 20 C.F.R. §§ 404.1567(c), 416.967(c) (2016).

Beazley stated that Thacker could not reach overhead, and his lateral front reaching was limited to occasional with his left arm. (R. at 108, 119.)

## III. Analysis

The Commissioner uses a five-step process in evaluating DIB and SSI claims. *See* 20 C.F.R. §§ 404.1520, 416.920 (2016). *See also Heckler v. Campbell*, 461 U.S. 458, 460-62 (1983); *Hall v. Harris*, 658 F.2d 260, 264-65 (4th Cir. 1981). This process requires the Commissioner to consider, in order, whether a claimant 1) is working; 2) has a severe impairment; 3) has an impairment that meets or equals the requirements of a listed impairment; 4) can return to his past relevant work; and 5) if not, whether he can perform other work. *See* 20 C.F.R. §§ 404.1520, 416.920. If the Commissioner finds conclusively that a claimant is or is not disabled at any point in this process, review does not proceed to the next step. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a) (2016).

Under this analysis, a claimant has the initial burden of showing that he is unable to return to his past relevant work because of his impairments. Once the claimant establishes a prima facie case of disability, the burden shifts to the Commissioner. To satisfy this burden, the Commissioner must then establish that the claimant has the residual functional capacity, considering the claimant's age, education, work experience and impairments, to perform alternative jobs that exist in the national economy. *See* 42 U.S.C.A. §§ 423(d)(2)(A), 1382c(a)(3)(A)-(B) (West 2011 & West 2012); *McLain v. Schweiker*, 715 F.2d 866, 868-69 (4th Cir. 1983); *Hall*, 658 F.2d at 264-65; *Wilson v. Califano*, 617 F.2d 1050, 1053 (4th Cir. 1980).

-8-

Case 2:16-cv-00003-PMS Document 12 Filed 03/24/17 Page 8 of 10 Pageid#: 796

As stated above, the court's function in this case is limited to determining whether substantial evidence exists in the record to support the ALJ's findings. This court must not weigh the evidence, as this court lacks authority to substitute its judgment for that of the Commissioner, provided her decision is supported by substantial evidence. *See Hays*, 907 F.2d at 1456. In determining whether substantial evidence supports the Commissioner's decision, the court also must consider whether the ALJ analyzed all of the relevant evidence and whether the ALJ sufficiently explained her findings and her rationale in crediting evidence. *See Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439-40 (4th Cir. 1997).

Thus, it is the ALJ's responsibility to weigh the evidence, including the medical evidence, in order to resolve any conflicts which might appear therein. *See Hays*, 907 F.2d at 1456; *Taylor v. Weinberger*, 528 F.2d 1153, 1156 (4th Cir. 1975). Furthermore, while an ALJ may not reject medical evidence for no reason or for the wrong reason, *see King v. Califano*, 615 F.2d 1018, 1020 (4th Cir. 1980), an ALJ may, under the regulations, assign no or little weight to a medical opinion, even one from a treating source, based on the factors set forth at 20 C.F.R. §§ 404.1527(c), 416.927(c), if she sufficiently explains her rationale and if the record supports her findings.

The ALJ found that Thacker had the residual functional capacity to perform light work that did not require crawling or climbing ladders, ropes or scaffolds or more than occasional reaching, pushing or pulling or any overhead reaching with his left upper extremity. (R. at 20-25.) Thacker argues that the ALJ erred by improperly determining his residual functional capacity. (Plaintiff's Memorandum In Support Of His Motion For Summary Judgment, ("Plaintiff's Brief"), at 5-7.) In

particular, Thacker argues that the ALJ erred by rejecting the assessments of his treating physicians, Dr. Shamiyeh and Dr. Mullins. (Plaintiff's Brief at 6-7.)

Based on my review of the record, I find that the ALJ's residual functional capacity assessment credits, rather than rejects, Dr. Mullins's opinion that Thacker could perform light work with limitations on the use of his left upper extremity with permanent restriction against using his left upper extremity above chest level or any repetitive use. The ALJ's finding also is supported by Williams's functional capacity evaluation of Thacker's remaining work-related abilities. Dr. Shamiyeh's disability statement provides no residual functional capacity assessment. It simply states that, in his opinion, Thacker is totally and permanently disabled. The determination of disability is an issue reserved to the Commissioner, and such opinions, even from treating physicians, are not binding on the Commissioner. *See* 20 C.F.R. §§ 404.1527(d)(1), (2), 416.927(d)(1), (2) (2016). Thus, I find that the substantial evidence of record supports the ALJ's decision to reject this opinion.

Based on the above, I find that substantial evidence exists to support the ALJ's weighing of the medical evidence and her finding as to Thacker's residual functional capacity. Therefore, I find that substantial evidence exists to support the ALJ's conclusion that Thacker was not disabled and not entitled to benefits. An appropriate Order and Judgment will be entered.

DATED: March 24, 2017.

/s/ *Pamela Meade Sargent*
UNITED STATES MAGISTRATE JUDGE